◼ KENNETH JOHNSON, Respondent, v BLOOMINGDALE'S, Appellant. —Order, Appellate Term, First Department, dated July 6, 1979, affirming, by a divided court, order of Civil Court, entered April 11, 1978, setting aside a jury verdict and granting interlocutory judgment in favor of plaintiff on liability, is unanimously reversed, on the law and the facts, the motion to set aside the jury verdict is denied, and

the interlocutory judgment in favor of plaintiff is vacated, and the complaint is dismissed on the merits, without costs. The case was tried on the theory that the question of the propriety of defendant's conduct in the detention of plaintiff, including fingerprinting and photographing, presented an issue of reasonableness as a question of fact which was submitted to the jury under a charge to that effect. The charge also submitted to the jury as questions of fact whether plaintiff's detention was against his will, whether defendant had reasonable grounds to believe that plaintiff was committing or attempting to commit larceny, and whether plaintiff suffered any damage. There was no objection to the charge or any request to charge that the fingerprinting and photographing were an inavsion of plaintiff's rights as a matter of law. In the circumstances, we think that after a jury verdict in favor of defendant, it was too late to change the theory of the case and to hold that the fingerprinting and photographing were improper as a matter of law. Some members of this court are of the view that whether or not section 218 of the General Business Law would permit fingerprinting and photographing in other circumstances, such fingerprinting and photographing were permissible in the present case in view of plaintiff's signed admission of shoplifting. Some of the members of this court agree with Justice Riccobono's dissenting memorandum at the Appellate Term, i.e., that what constitutes a "reasonable manner" of detention within the meaning of section 218 of the General Business Law is a question of fact which the jury resolved against plaintiff; that there is no statutory proscription against photographing or fingerprinting of persons detained in the circumstances presented; and that the jury may well have concluded that plaintiff had at least implicitly consented to defendant's conduct. Concur—Murphy, P. J., Birns, Sandler, Silverman and Bloom, JJ.